J. Aron & Company, Inc., Respondent, *v.* Howard L. Sills and Another, Doing Business under the Name and Style of John S. Sills & Sons, Appellants.

First Department, May 4, 1923.

**Sales — action for breach of implied warranty on sale of condensed milk — milk was purchased for export to France — special damage was not pleaded — error to admit evidence of amount of judgment recovered against plaintiff in France — error to prove damages by difference between purchase price here and selling price in France without showing cost of transportation, etc.— erroneous charge as to damage.**

In an action to recover damages for an alleged breach of an implied warranty as to the quality of condensed milk purchased for export to France, in which the plaintiff did not plead special damage, it was error for the court to admit evidence of the amount of a judgment which plaintiff had paid to a purchaser of the milk in France, since the defendants were not parties to that action, and hence not bound by it and on the further ground that it tended to prove special damage which was not pleaded.

It was also error to permit the plaintiff to prove as its damage the difference between the purchase price in New York and the selling price in France, without any

allowance being made for cost of transportation, etc., since this was proof of special damage that was not pleaded.

It was error for the court to instruct the jury that the measure of damage was the difference between the value of the damaged goods and the value that they would have had if they had conformed to the contract, both values being taken at the port of New York, since the plaintiff had offered no evidence as to these values.

APPEAL by the defendants, Howard L. Sills and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of February, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 21st day of February, 1922, denying defendants' motion for a new trial made upon the minutes, with notice of intention to bring up for review an order of the Supreme Court made at the New York Special Term on the 7th day of December, 1921, denying defendants' motion to suppress certain depositions.

*George Ryall* [*Isaac N. Mills* of counsel; *W. J. Magee* with him on the brief], for the appellants.

*Bouvier, Caffey & Beale* [*Phelan Beale* of counsel], for the respondent.

FINCH, J.:

The action was brought to recover damages for breach of an alleged warranty of quality of certain condensed milk sold by the defendants to the plaintiff for export to France. Upon arrival in France the greater portion of the milk was found to be unfit for human consumption, and was rejected there by those to whom the plaintiff had resold it. The plaintiff relied upon an implied warranty that the milk would be fit for human consumption. At the trial the plaintiff withdrew its first and second causes of action and sought to recover only on the third and fourth. In both latter causes of action the plaintiff alleged general damage only and no special damage. The defendants allege errors on the trial — hence this appeal. A new trial will have to be ordered because of the following errors.

Plaintiff was permitted in the third cause of action to show as its damage an amount which it had paid pursuant to a judgment of record rendered against it by a purchaser in France. This was error for the reason that the defendants were not parties to said action and hence not bound by the judgment (*Eytinge & Co., Inc., v. Atlantic Transport Co.,* 160 App. Div. 635), and on the ground that it was, in any event, special damage which the plaintiff had not pleaded. (*Parsons v. Sutton,* 66 N. Y. 92, 96.)

On the fourth cause of action plaintiff was permitted to prove as its damage the difference between the purchase price in New York and the selling price in France, without any allowance being made for cost of transportation, war risk insurance, etc. This also was error, because it was special damage which the plaintiff had not pleaded. (*Parsons* v. *Sutton, supra.*)

In addition, the learned trial court, having directed the jury, if they found for the plaintiff on both causes of action, to bring in a verdict for the amount which the plaintiff had paid out under the judgment in the third cause of action and the amount for which the plaintiff had sold the goods in France less the purchase price on the fourth cause of action, thereafter charged the jury as his final instruction to them that if the plaintiff proved its causes of actions, it was entitled to recover, as its measure of damage, the difference between the value of the damaged goods and the value that the goods would have had if in accordance with the contract, both values being taken at the port of New York. No evidence whatsoever had been given by the plaintiff as to these values, the plaintiff having contented itself with proving the amounts as already noted.

So far as the appeal includes an appeal from the order denying the motion to suppress certain depositions, the appellants expressly state in their brief that " The appeal from the last mentioned order, however [order denying defendants' motion to suppress certain depositions] is not pressed herein."

For the foregoing reasons it follows that the judgment and order denying a new trial should be reversed and a new trial granted, with costs to the appellants to abide the event.

DOWLING, PAGE, MERRELL and MCAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.